UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.  3:21-cr-00105-DRL |
| | ) | |
| TIMOTHY A. HUMPHRIES | ) | |

## **UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America by its counsel Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through John M. Maciejczyk, Assistant United States Attorney, and submits the following revised memorandum in preparation for the sentencing hearing in this case.

1. On January 21, 2022, the defendant pled guilty to a one count Information charging him with Receiving Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

2. The Final Presentence Report ("PSR"), dated April 26, 2022, R. 16, was objected to by the defendant. R. 17.

3. The PSR calculates a guideline range for this defendant of 108 to 135 months.  PSR ¶ 84.  The fine guideline range is $30,000 to $250,000. PSR ¶ 92.   He is required to pay a $100 mandatory special assessment.  PSR ¶ 131.   The defendant is also required to pay up to $35,000 pursuant to Amy,

Vicky, Andy Act of 2018, 18 USC § 2259A(a)(2) as determined by the Court. PSR ¶ 92. He is also subject to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014. PSR ¶ 91. Supervised release upon completion of the sentence of confinement is from five years to life. PSR ¶ 87.

4. The government did not agree to recommend a particular a sentence in the plea agreement. As detailed below, the government recommends a sentence of 121 months imprisonment at the middle of the guideline range, to be followed by 5 years supervised release and no fine. Given that the victim is not seeking restitution, the government recommends a $5,000 assessment under 18 USC § 2259A(a)(2), and a $1,000 assessment under the JVTA and the standard $100 special assessment. The assessments are nominal amounts given that while the defendant has been regularly employed, he has no real assets, such as savings or investment accounts that could be accessed.

5. The application of the U.S.S.G. § 2G2.2 has not been uniform in these cases. In 2021, 1,214 cases were sentenced under U.S.S.G. § 2G2.2.[1] Sourcebook, Table 20. Section 2G2.2 covers child pornography offenses except for production, which is covered under § 2G2.1. Of these 1,214 cases, 32.9%

---

1 The statistics referenced are from the U.S.Sentencing Commission's 2021 Sourcebook of Federal Sentencing Statistics and the attached tables. https://www.ussc.gov/research/sourcebook-2021. This document will be referred to as "Sourcebook."

were sentenced within the guideline range, 0.6% were sentenced above the guideline range and 66.5 % were sentenced below the guideline range. *Id*. Table 32. Of the sentences below the guideline range, the mean and median sentences were 81 and 70 months respectively, and the downward departure was a mean of 40.4% and a median of 38.1%. *Id*. Table 40.

6. The defendant is 39 years old. A sentence of 121 months would place the defendant at about 50 years old upon release. Recidivism at that age is significantly lessened. The Effects of Aging on Recidivism Among Federal Offenders, p. 23 & Fig. 14, U.S.S.C. (Dec. 2017) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (reconviction for offenders 50 to 54 years old is 15.9%).

7. The identified victim is not seeking restitution.

8. The application of 18 U.S.C. § 3553(a) factors supports the recommended sentence. These factors include the following:

**(1) the nature and circumstances of the offense and the history and characteristics of the defendant;**

The factual basis of the offense is contained in paragraphs 12-15 of the PSR. The factual circumstances are aggravating. As noted in the PSR: *"Aggravating factors in this case include the nature and circumstances of the offense which include the defendant creating fake profiles*

3

*on applications to connect and chat with underaged girls. The defendant was preying on young and impressionable children by creating a fake profile and posing as another female child similar in age. Although this is accounted for in the guideline calculation, this offense was not just a one-time lapse of judgement, but rather a repeated behavior as Mr. Humphries casted a net out into the social media world to see how many underage girls he could get to send him inappropriate pictures and/or videos. Mr. Humphries also initiated highly conversations with these girls perhaps in a grooming-like fashion to see what he could get in return."* PSR ¶ 100.

Mitigating factors in this include "*the defendant's lack of prior criminal history, no physical, mental, or substance abuse concerns, steady work history, and family support.*" PSR ¶ 103.

An additional mitigating factor is the fact that when confronted by the officers with a search warrant, the defendant immediately admitted to the underlying conduct, acknowledged it was wrong, and provided details corroborating the investigation. Specifically the defendant admitted to using the Makayla Ellis Facebook and Snapchat accounts, to chatting sexually with females he knew were under the age of 18, and to receiving nude photos from them. He also identified photos as being photos he recognized receiving. Finally, the defendant saved the government and the Court the time and expense of an indictment by agreeingto plead guilty to an information.

**(2) the need for the sentence imposed—**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

A sentence of 121 months for this 39-year-old offender will adequately reflect the seriousness of the offense.

**(B) to afford adequate deterrence to criminal conduct;**

**(C) to protect the public from further crimes of the defendant; and**

A sentence of 121 months will provide adequate deterrence to others who may contemplate committing similar crimes. The defendant's admissions and cooperation and his age at time of release indicates a lower risk of recidivism.

**(3) the kinds of sentences available;**

**(4) the kinds of sentence and the sentencing range established for—**

**(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--**

These factors support a sentence within the guideline range because they argue for uniform sentencing practices, and the guidelines are designed to achieve this outcome: "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). However, as discussed above, courts frequently do not follow the guidelines in these types of cases.

**(5) any pertinent policy statement.**

5

Not applicable.

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

In this case a sentence within the guideline range is justified based on the defendant's offense conduct and the aggravating factors mentioned above.

### The Defendant's Objections

The defendant objects to the 5 level increase for defendant engaging in a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to USSG §2G2.2(b)(5). The crux of his objection is that citing Application Note 1, the term "sexual abuse or exploitation" of a minor does not include "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." Dkt. 17 at 1. However, the defendant's conduct went beyond this definition and consisted of "hundreds of Facebook Messenger messages in a one-month span." PSR ¶ 18. These conversations would turn sexual and move to SnapChat. *Id.* The images the defendant received on Snapchat were numerous, and included three videos of young females videotaping themselves while masturbating. *Id.* ¶ 19. The government therefore contends that this enhancement should apply.

## Conclusion

Based on the above, the government requests that the defendant be sentenced to a sentence of 121 months, followed by a 5-year term of supervised release, a $5,000 AVAA and a $1,000 JVTA assessment, and a $100 special assessment.

Dated: June 6, 2022

                              Respectfully submitted,

                              CLIFFORD D. JOHNSON
                              UNITED STATES ATTORNEY

                    By:   *s/ John M. Maciejczyk*
                          John M. Maciejczyk
                          Assistant United States Attorney
                          M01 Robert A. Grant Federal Bldg.
                          204 S. Main Street
                          South Bend, Indiana 46601
                          E-mail:   John.Maciejczyk@usdoj.gov