UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cause No.:   3:21-CR-105 |
| | ) | |
| TIMOTHY A. HUMPHRIES | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the defendant Timothy Humphries by counsel, Michael J. Tuszynski and respectfully submits to the Court his arguments regarding sentencing, application of the United States Sentencing Guidelines and 18 U.S.C. §3553(a) factors. In support thereof, Counsel States as follows:

U.S. Sentencing Guideline Analysis

The defendant has pled guilty to Receipt of Child Pornography in violation of 18 U.S.C. §2252(a)(2) and (b)(1). Pursuant to the plea agreement, the government will make a non-binding recommendation that the defendant receive the maximum reduction in offense level for acceptance of responsibility. The defendant agrees to make restitution as determined by the Court.

The base offense level is properly calculated at twenty-two (22) pursuant to U.S.S.G. §2G2.2(a).  A two level reduction in the offense level applies as defendant's conduct was limited to the receipt or solicitation of the offending materials pursuant to §2G2.2(a)(2)(b)(1)(A)(B)(C).

The following Special Offense Characteristics apply: i)  a two level increase for material depicting a prepubescent minor under the age of twelve (12) pursuant to §2G2.2(b)(2);  ii) a two level increase for the use of a computer or interactive computer service pursuant to §2G2.2(b)(6); and iii) a five level increase as the offense involved more than 600 images pursuant to §2G2.2(b)(7)(D).  The resulting total offense level, including reduction for acceptance of responsibility under 3E1.1(a) and (b) would be twenty-six (26).

However, the Probation Department has determined that the Special Offense Characteristic found in §2G2.2(b)(5) also applies for an additional five level increase because the defendant engaged in a pattern of activity involving the exploitation of a minor.  As a result, the total adjusted offense level calculated in the Presentence Report is thirty-one (31).  Defendant continues to accept responsibility for his conduct, but believes application of this Specific Offense Characteristic is misapplied.

The Presentence Report indicates that this additional upward departure is required because search warrants executed during the investigation showed the defendant sending numerous facebook and snapchat messages, under a different name, to young females wherein he would ask their age, ask for a picture and begin talking sexually.

Application Note 1 to §2G2.2 defines "pattern of activity involving the sexual abuse or exploitation of a minor" as:

> *Any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.*

The term "sexual abuse or exploitation" is further defined as Application Note 1, but the definition is then circumscribed by the following limiting language:

> *Sexual abuse or exploitation does not include possession, accessing with intent to view, receipt or trafficking in material relating to the sexual abuse or exploitation of a minor.*

Defendant continues to accept responsibility for his actions and does not deny his conduct, but asserts that the upward departure pursuant to §2G2.2(b)(5) is inapplicable.

Defendant is calculated to be in Criminal History Category I. The applicable guideline range at level twenty-six (26) is 63-78 months.

## 18 U.S.C. §3553 Analysis

18 U.S.C. §3553(a) provides that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a)(2):

> (A)   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
>
> (B)   The need for the sentence to afford adequate deterrence to criminal conduct.
>
> (C)   The need to protect the public from further crimes of the defendant.
>
> (D)   The need to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Mr. Humphries is thirty-nine (39) years old.  He was born in Elkhart, Indiana and was adopted as an infant by Raymond and Patsy Humphries.   He was raised in South Bend, Indiana with his adopted sister.   He has been a lifelong resident of the area. His mother and father divorced when he was eighteen (18) years of age.  His step-father passes away in 2020, thereafter Timothy began taking care of and assisting his mother who has had significant health issues over the years.

Mr. Humphries has never been married, but he does have a daughter, now eighteen (18) years of age, from a long-term relationship.  Mr. Humphries was given custody of his daughter when she was approximately twelve (12) years old because her mother had a substance abuse issue.

Defendant maintains a close relationship with his family and continues to enjoy the support of his mother and family.  Attached hereto are letters written on defendant's behalf.

The defendant attended Riley High School into the 9th grade.  He thereafter withdrew from school.  He has not attained a diploma or GED.  However, he has a regular employment history has an adult.  He has worked as a delivery driver with the United Parcel Service since 2016 where he has earned a good living.

The defendant does not have any physical health, mental health issues or substance abuse issues.

Defendant was cooperative and forthcoming during the investigative process.  He self-surrendered and was released on an unsecured bond with pretrial supervision He has pled guilty in a timely manner and continued to accept responsibility for his actions.

It does not appear from the discovery materials that Mr. Humphries had ever made an attempt to physically meet with anyone he had improperly contacted on facebook or snapchat. He has been compliant while on pretrial release. Counsel asserts that these factors suggest Mr. Humphries is amenable to treatment and likely to comply with all terms of his sentence and supervised release.

He will most certainly be required to register as a sex offender for a considerable period of time, as a result of his conviction.

Finally, based on the findings in the United States Sentencing Commission Sourcebook for 2017, approximately 68.5% of approximately 1,800 child pornography offenders sentenced in 2017 received below guideline sentences. The average below guideline range sentence is between 20 to 30 percent below the calculated guideline range.

## Sentencing Recommendation Based on 18 U.S.C. § 3553(a)

Given the Defendant's history and characteristics, his cooperation and recent sentencing trends, counsel would assert that a sentence at the low end of the appliable guideline range, followed by a term of supervised release of at least five (5) years is a reasonable sentence but not greater than necessary to accomplish the sentencing goals established by Congress.

Counsel believes that any concerns regarding punishment, recidivism or supervision can be adequately addressed by a prolonged period of supervised release.

WHEREFORE, Defendant would request that the Court consider his sentencing argument based on the factors set for in 18 U.S.C. 3553(a).

*s/Michael J. Tuszynski*
Michael J. Tuszynski (21415-71)
Stanley, Tuszynski & Newman
220 W. Colfax, Suite 600
South Bend, IN  46601
Telephone: (574)-288-9447
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

john.maciejczyk@usdoj.gov

  s/Michael J. Tuszynski
Michael J. Tuszynski